**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PHILCARLO D'MARCONE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-06-142-F |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

On June 30, 2006, the court entered an order granting plaintiff, Philcarlo D'Marcone, and plaintiff, Chester Wayne Jacobs, a final 20-day extension of time to pay their initial partial filing fees or to show that plaintiffs have no assets and no means by which to pay their initial partial filing fees. The court stated that if plaintiffs fail to pay their initial filing fees and fail to show that they have no assets and no means by which to pay the initial filing fees, the court shall accept Magistrate Judge Roberts' Report and Recommendation as to plaintiffs and shall dismiss plaintiffs' action without prejudice.

Although plaintiff, Chester Wayne Jacobs, had informed the court clerk on June 5, 2006, of a change of address, the court's June 30, 2006 order was apparently sent to plaintiff's former address. The June 30, 2006 order sent to plaintiff was returned to the court clerk on July 10, 2006. On July 12, 2006, the court entered an order granting plaintiff, Chester Wayne Jacobs, an extension of time, until August 2, 2006, to pay the initial filing fee or to show that he has no assets and no means by which to pay the initial filing fee. The July 12, 2006 order was mailed to plaintiff's correct address.

On July 21, 2006, the court clerk received a letter, dated July 17, 2006, from plaintiff, Chester Wayne Jacobs, stating that he had sent the initial partial filing fee of $22.80 to the court last month and he does not understand what happened to the money. Plaintiff states that he will send the money again but does not believe that it will reach the court before August 2, 2006. Plaintiff requests more time to send the money to the court. He states that he should be able to have the money to the court by August 10, 2006. The court construes plaintiff's letter as a motion for extension of time to pay the initial partial filing fee.

On July 24, 2006, plaintiff, Philcarlo D'Marcone, filed a Motion for Extension of Time. In his motion, plaintiff requests an extension of time purportedly to comply with the court's order of June 30, 2006. Plaintiff represents that his request is "[d]ue to the added stress caused by the incident at C.C.A. Watonga." Plaintiff also states that he is scheduled for open heart surgery. Further, plaintiff attaches to his motion a recent copy of his inmate bank account showing legal expenditures in the last two months.

Upon due consideration of Chester Wayne Jacobs' motion, the court finds that the same should be denied. The original order by United States Magistrate Judge Bana Roberts directing plaintiff to pay the initial partial filing fee was entered on April 5, 2006. Since the filing of Magistrate Judge Roberts' Report and Recommendation on April 28, 2006, the court has granted three extensions of time to pay the initial partial filing fee. The court concludes that plaintiff has had ample time to pay the initial partial filing fee.

The court also finds that plaintiff, Philcarlo D'Marcone's motion should be denied. Plaintiff has also had ample time to pay his initial partial filing fee. Since the filing of Magistrate Judge Roberts' Report and Recommendation on April 28, 2006, this court has granted plaintiff, Philcarlo D'Marcone, two extensions of time to pay

the initial partial filing fee. The court indicated in its June 30, 2006 order that that 20 day extension of time was the "final" extension of time. The court concludes that plaintiff's reasons for the new requested extension, *i.e.*, added stress and the scheduling of open heart surgery, do not warrant any further extension of time. Such reasons would not preclude plaintiff from paying the initial partial filing fee.

The court also concludes that the bank income account attached to plaintiff, Philcarlo D'Marcone's motion does not establish that plaintiff has no assets and no means to pay the initial partial filing fee.

Because plaintiff, Philcarlo D'Marcone, and plaintiff, Chester Wayne Jacobs, have not complied with the court's orders of June 30, 2006, and July 12, 2006, the court shall accept Magistrate Judge Roberts' Report and Recommendation to the extent it recommends that this action be dismissed without prejudice for failure of plaintiffs to pay their initial partial filing fees or to demonstrate good cause for their failure to do so.[1]

IT IS THEREFORE ORDERED that plaintiff, Chester Wayne Jacobs' letter filed July 21, 2006 (doc. no. 24) and plaintiff, Philcarlo D'Marcone's Motion for Extension of Time, filed July 24, 2006 (doc. no. 23), are **DENIED**.

IT IS ALSO ORDERED that the Report and Recommendation by United States Magistrate Judge Bana Roberts issued on April 28, 2006 (doc. no. 11), is **ACCEPTED** to the extent it recommends that this action be dismissed without prejudice for failure of plaintiffs, Philcarlo D'Marcone and Chester Wayne Jacobs, to

---

[1] In her Report and Recommendation, Magistrate Judge Roberts also recommended that this matter be dismissed without prejudice on the basis that plaintiff, Chester Wayne Jacobs, had failed to file an amended signed complaint. This court, however, granted plaintiff additional time to file the amended signed complaint, and the amended signed complaint was timely filed on June 20, 2006. Therefore, the failure of plaintiff, Chester Wayne Jacobs, to file an amended signed complaint is no longer a basis for dismissal.

pay their initial partial filing fees or to demonstrate good cause for their failure to do so.

IT IS FURTHER ORDERED that this action is **DISMISSED WITHOUT PREJUDICE** to refiling.

ENTERED this 3rd day of August, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0142p006(pub).wpd